```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                    Case No. 17-03289-JJT
Gregory Jonathan Sabo                                                     Chapter 7
        Debtor                        CERTIFICATE OF NOTICE
District/off: 0314-5           User: admin                 Page 1 of 1                  Date Rcvd: Nov 30, 2017
                               Form ID: 318                Total Noticed: 10
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 02, 2017.
db            +Gregory Jonathan Sabo,    809 Highland Ave.,    Morrisville, PA 19067-1073
4955337       +Jim Thorpe Neighborhood Bank,    12 Broadway,    Jim Thorpe, PA 18229-2006
4955338       +Nationstar Mortgage,    PO Box 619063,    Dallas, TX 75261-9063

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr            +E-mail/Text: wschwab@iq7technology.com Nov 30 2017 18:47:29     William G Schwab (Trustee),
               William G Schwab and Associates,    811 Blakeslee Blvd Drive East,    PO Box 56,
               Lehighton, PA 18235-0056
4955334        EDI: BANKAMER.COM Nov 30 2017 18:53:00      Bank of America,    PO Box 982238,
               El Paso, TX 79998
4955335       +EDI: CITICORP.COM Nov 30 2017 18:53:00      Citi Card/Citi Bank,    PO Box 6241,
               Sioux Falls, SD 57117-6241
4956005       +EDI: PRA.COM Nov 30 2017 18:53:00      PRA Receivables Management, LLC,    PO Box 41021,
               Norfolk, VA 23541-1021
4955339       +EDI: RMSC.COM Nov 30 2017 18:53:00      SYNCB/Lowes,    PO Box 965005,    Orlando, FL 32896-5005
4955340       +EDI: RMSC.COM Nov 30 2017 18:53:00      SYNCB/Sleepys,    PO Box 965036,    Orlando, FL 32896-5036
4955341       +EDI: WFFC.COM Nov 30 2017 18:53:00      Wells Fargo Bank,    PO Box 14517,
               Des Moines, IA 50306-3517
                                                                                               TOTAL: 7

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4955336      ##+Commercial Acceptance,    2 W Main St.,    Shiremanstown, PA 17011-6326
                                                                                               TOTALS: 0, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 02, 2017                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 30, 2017 at the address(es) listed below:
              James Warmbrodt    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
              Jason M Rapa    on behalf of Debtor 1 Gregory Jonathan Sabo jrapa@rapalegal.com,
               ssprouse@rapalegal.com;mhine@rapalegal.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              William G Schwab (Trustee)    schwab@uslawcenter.com,
               wschwab@iq7technology.com;ecf@uslawcenter.com
                                                                                             TOTAL: 4

| | | |
|---|---|---|
| Debtor 1 | **Gregory Jonathan Sabo** | Social Security number or ITIN  xxx–xx–7856 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | _____ | Social Security number or ITIN  _ _ _ _ |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Middle District of Pennsylvania**

Case number:   **5:17–bk–03289–JJT**

# Order of Discharge             12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Gregory Jonathan Sabo

**By the court:** _[signature]_

November 30, 2017

Honorable John J. Thomas
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**